PROB 12C
(Rev. 2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 37]

Name of Offender: <u>Joe Allen Elder</u>　　　　Case Number: <u>3:06-00179</u>

Name of Sentencing Judicial Officer: <u>Honorable Robert L. Echols, United States District Judge</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>June 18, 2007</u>

Original Offense: <u>18 U.S.C. §§ 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>78 months' custody followed by three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>　　　Date Supervision Commenced: <u>June 25, 2012</u>

Assistant U.S. Attorney: <u>Mark Wildasin</u>　　　Defense Attorney: <u>Ron Smalls</u>

### PETITIONING THE COURT

　　__X__　To Consider Additional Violation/Information at the hearing on April 7, 2014.
　　_____　To issue a Summons.
　　_____　To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
　　☐ Sealed Pending Warrant Execution
　　　(cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other
☒ Consideration of Additional Violation/Information

Considered this 3rd day of April, 2014,
and made a part of the records in the above case.

Aleta A. Trauger
U. S. District Judge

I declare under penalty of perjury
that the foregoing is true and correct.
Respectfully submitted,

Kimberly Haney
U.S. Probation Officer

Place　　Nashville, TN

Date　　April 3, 2014

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 37, has been amended as follows:

> <u>Violation No. 4</u> - has been added to report the association with a person convicted of a felony.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

<u>1.</u>   **<u>The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.</u>**

Mr. Elder has failed to report for random drug tests nine times since October 3, 2013.

Mr. Elder failed to report for drug tests, as instructed, as part of the random drug testing program on:

| | | |
|---|---|---|
| October 3, 2013 | December 2, 2013 | December 19, 2013 |
| October 29, 2013 | December 4, 2013 | December 26, 2013 |
| November 18, 2013 | December 11, 2013 | January 2, 2014 |

Per the conditions of supervised release, Mr. Elder is ordered to participate in a program of drug testing. As a result, he is enrolled in a random drug testing program at the probation office. On December 2, 2013, Mr. Elder failed to report to the probation office for a drug screen. He stated he had not called the drug testing telephone system to determine when he was required to report to the probation office for a drug test. The probation officer spoke with Mr. Elder on December 4, 2013, and he was instructed to report to the probation office for a drug test. Mr. Elder failed to report on December 4, 2013.

On December 11, 2013, Mr. Elder failed to report to the probation office for a drug screen. The probation officer spoke with Mr. Elder on that date and he advised that he had a ride to the office; however, he failed to report.

On December 19, 2013, Mr. Elder failed to report to the probation office for a drug screen. On December 20, 2013, the probation officer spoke with Mr. Elder and he stated he had not called the drug testing telephone system to determine when he was required to report to the probation office for a drug test. He stated that he would report to the probation office before the office closed. Mr. Elder failed to report on December 20, 2013.

On December 26, 2013, and January 2, 2014, Mr. Elder failed to report to the probation officer for a random drug screens.

2.  **The defendant shall refrain from any unlawful use of a controlled substance.**

    Mr. Elder has tested positive for cocaine use seven times since September 12, 2013. He tested positive for cocaine use on:

    | | | |
    |---|---|---|
    | September 12, 2013 | November 13, 2013 | January 8, 2014 |
    | October 10, 2013 | November 20, 2013 | |
    | October 30, 2013 | December 17, 2013 (cocaine and marijuana) | |

    Mr. Elder failed to report to the probation office on December 11, 2013, for a random drug test. He was contacted on the same date and told to report for a drug test. Mr. Elder failed to report to the probation office. The probation officer made numerous unsuccessful attempts to contact Mr. Elder. On December 16, 2013, he left a voicemail for the probation officer stating that he was on his way to the probation office, but he never reported. On December 17, 2013, the probation officer spoke with Mr. Elder and instructed him to report to the probation office. He reported and a drug test was administered. The test was inconclusive for marijuana and cocaine so the specimen was sent to the laboratory which conformed the sample as positive for marijuana and cocaine. Mr. Elder admitted to smoking marijuana at a party on or about December 6, 2013, and he admitted to snorting cocaine on or about December 13, 2013.

    Mr. Elder failed to report to the probation office on January 2, 2013, for a random drug test. The probation officer attempted to contact Mr. Elder on January 7, 2014, but he was not available. A voicemail was left instructing Mr. Elder to report to the probation office immediately. Mr. Elder failed to report to the probation office. Mr. Elder contacted the probation officer on January 8, 2014, and he stated he would come to the probation office after his doctor's appointment Mr. Elder reported to the office and submitted a urine specimen which tested positive for cocaine. Mr. Elder admitted to snorting cocaine on January 2, 2014. The specimen was sent to the laboratory for confirmation.

3.  **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.**

    Mr. Elder has failed to participate in group substance abuse treatment at Centerstone, as directed.

    Mr. Elder was referred to Centerstone Mental Health Center for a substance abuse treatment assessment and treatment. He was recommended to participate in the weekly Low Intensity Outpatient Program. He began treatment on October 16, 2013. According to the monthly treatment progress reports, Mr. Elder had only attended treatment twice.

    Mr. Elder continued to avoid outpatient treatment until is discharge from the ELAM Center inpatient program.

| | |
|---|---|
| 4. New Violation | **The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.** |

Since June 25, 2012, Joe Allen Elder has associated with a convicted felon without the permission of the probation officer.

Mr. Elder was a resident at Diersen Charities, Inc., the federal halfway house, from December 29, 2011, until June 25, 2012 when he started his term of supervised release. On April 1, 2014, the probation officer received a call from Andrea Simpson's daughter. Andrea Simpson is on federal supervision with this probation officer. Ms. Simpson's daughter advised that she and her mother argued about her alleged truancy at school and she threatened her mother by stating she would contact the probation officer regarding her relationship with Mr. Elder. Ms. Simpson related Mr. Elder has been living with Andrea Simpson for over one year, and she does not want to reside there any longer if Mr. Elder is there. Ms. Simpson stated that her mother removed pictures of Mr. Elder and Andrea Simpson and any of Mr. Elder's belongings when she thought the probation officer would conduct a home check.

The probation officer conducted a home check on April 1, 2014, at approximately 8:30 p.m., at Andrea Simpson's residence. Upon arrival, Mr. Elder's son answered the door. Mr. Elder was at the residence with Andrea Simpson, his son, his son's friend, and Ms. Simpson's granddaughter. The probation officer spoke with Mr. Elder and Ms. Simpson regarding their relationship. They advised they originally met at Diersen Charities, Inc., but Ms. Simpson was previously friends with Mr. Elder's cousin. Reportedly, their friendship started while residents at the halfway house, and it later progressed to a romantic relationship in **April 2012.** Both parties stated they would like to continue the relationship and have plans to seek permission from the Court. Mr. Elder related he has plans to marry Andrea Simpson. The probation officer instructed Mr. Elder to pack whatever belongings he had at the residence and leave. They were both advised the violation would be reported to the Court, and they instructed to not associate or communicate until the matter is addressed before the Court.

**Compliance with Supervision Conditions and Prior Interventions:**

Joe Allen Elder began his term of supervised release on June 25, 2012. His term of supervision is scheduled to expire on June 24, 2015. Mr. Elder was previously employed at Newland Construction as a roofer, but he has not been able to work due to medical restrictions.

A report, dated November 21, 2013, was previously submitted to Your Honor regarding Mr. Elder's continued use of cocaine. Mr. Elder was instructed to participate in weekly group therapy in the Low Intensity Outpatient Program at Centerstone Mental Health.

The probation officer spoke with Mr. Elder on December 4, 2013, regarding his missed drug test on December 2, 2013. He admitted that he had not been calling the drug test notification system and he had been ill. Mr. Elder stated that he was attempting to drive to the probation office and stopped at the gas station. Upon leaving the gas station, he got dizzy and wrecked his truck by hitting a sign. Reportedly, the accident caused damage to one of his side view mirrors and there are scratches on the door. Due to this incident, he did not report to the probation office.

Mr. Elder had requested inpatient treatment. On December 11, 2013, an inquiry was made at New Leaf Recovery Center in Cookeville, Tennessee, for Mr. Elder to participate in, but bed space is not available and there was a waiting list. The probation officer also contacted ELAM Mental Health Center to obtain information for Mr. Elder to participate for inpatient treatment. On December 17, 2013, he was given instructions and directions to ELAM Mental Health Center to obtain a substance abuse treatment assessment for inpatient treatment. On December 18, 2013, Mr. Elder advised he reported for an assessment at ELAM, but he was told to come back the following week. Until the assessment is conducted, the probation officer instructed Mr. Elder to resume outpatient treatment at Centerstone and to resume calling the drug testing system for his drug tests. He was also advised the treatment provider and the Court would be notified of his continued drug use.

On January 8, 2014, Mr. Elder advised the probation officer that he had an appointment for a substance abuse treatment assessment scheduled at ELAM Mental Health Center on January 21, 2014, to determine whether he will need inpatient or outpatient treatment.

On January 29, 2014, Mr. Elder was admitted into the inpatient substance abuse treatment program at ELAM Mental Health Center. He successfully completed the program and was discharged on February 12, 2014. The probation officer referred him to Centerstone Mental Health for aftercare substance abuse treatment, and he has participated in weekly group treatment. Reportedly, Mr. Elder is also participating in aftercare through ELAM Mental Health Center, but his participation has not been verified. Since being released from ELAM, Mr. Elder has been subjected to random drug screens at the probation office, and he has not tested positive for any illegal drug use.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully requested that the additional violation be considered at a revocation hearing to be held before Your Honor. The new violation has been discussed with Assistant U.S. Attorney Mark Wildasin who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. JOE ALLEN ELDER, CASE NO. 3:06-00179

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003  PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months *U.S.S.G. § 7B1.4* | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment *18 U.S.C. 3583(h)* | 1-3 years *U.S.S.G. § 5D1.2(a)(2)* | No recommendation |

**Statutory Provisions:** 18 U.S.C. § 3583(g)(3) and (g)(4) allows for mandatory revocation for refusal to comply with drug testing if the defendant refuses to comply with drug testing imposed as a condition of supervised release; or as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(2), upon a finding a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted,

Kimberly Haney
U.S. Probation Officer

Approved: 
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Joe Allen Elder

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:06CR00179 - 1

3. **District/Office** Middle District of Tennessee at Nashville

4. **Original Sentence Date** 06 / 18 / 2007
                                 month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | 1. Failure to report for drug testing as directed | C |
   | 2. Failure to refrain from illegal drug use: repeated positive drug tests for cocaine use | C |
   | 3. Failure to participate in substance abuse treatment as directed | C |
   | 4. Associating with a convicted felon without permission | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    [ C ]

9. **Criminal History Category** *(see §7B1.4(a))*    [ VI ]

10. **Range of Imprisonment** *(see §7B1.4(a))*    [ 8-14 ] months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Joe Allen Elder

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)      _____     Home Detention          _____

    Other        _____     Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002